IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrea W., on behalf of K.W.,[1] | Case No.: 2:22-cv-02905-JD-MGB |
| Plaintiff, | |
| vs. | **ORDER** |
| Martin J. O'Malley,[2] Commissioner of Social Security, | |
| Defendant. | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker ("Report and Recommendation" or "Report"), under Local Civil Rule 83.VII.02, D.S.C., and Title 28, United States Code, Section 636(b)(1)(B). Plaintiff Andrea W., on behalf of K.W. (collectively "Claimant"), filed this action under Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)) ("Act"), seeking judicial review of the final decision of the Defendant Martin J. O'Malley, Commissioner of Social Security ("Commissioner"), denying Claimant Supplemental Security Income ("SSI") under the Act.

Claimant applied for SSI on July 14, 2020, alleging a disability since February 4, 2013, based on autism spectrum disorder, anxiety disorder, and attention deficit hyperactivity disorder

---

[1] K.W. is a minor child. Thus, in accordance with Rule 5.2(a) of the Federal Rules of Civil Procedure, she will be referred to as "Claimant." Also, the Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. Because Claimant's mother shares her last name, the Court refers to Andrea W. only by her first name and last initial.

[2] Martin J. O'Malley was sworn in as the Commissioner of the Social Security Administration on December 20, 2023. Accordingly, he is automatically substituted for Kilolo Kijakazi, Acting Commissioner of Social Security.

("ADHD"). (DE 10-2, pp. 15-16.) Claimant later amended the alleged onset date to July 14, 2020. (DE 10-2, 15, DE 10-6, p. 293.) The application was denied initially and on reconsideration by the Social Security Administration. (DE 10-2, p. 15.) The Administrative Law Judge ("ALJ") issued an unfavorable decision on February 18, 2022, finding that Claimant was not disabled (DE 10-2, pp. 15-30.) Claimant sought review of the ALJ's decision, which the Appeals Council denied on August 9, 2022, making the ALJ's decision the Commissioner's final decision. (DE 10-2, pp. 1-5.) Claimant filed this action seeking judicial review of that decision on August 31, 2022. (DE 1.)

The Magistrate Judge issued the Report and Recommendation on December 20, 2023, recommending that the Commissioner's decision be reversed and remanded. (DE 19.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent any specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

2

Neither party filed an objection to the Report and Recommendation. Upon review of the Report and the record in this case, the Court finds that there is no clear error on the face of the record, adopts the Report and Recommendation, and incorporates it here by reference. It is hereby **ORDERED** that the Commissioner's decision is **REVERSED** and **REMANDED** for a new hearing consistent with the Report.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 5, 2024

3